DA 11-0674

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 108N

IN THE MATTER OF:

M.W.G. and C.R.G.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause Nos. DN 10-13 and DN 10-14
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Elizabeth Thomas, Attorney at Law, Missoula, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Tammy A. Hinderman, Assistant
Attorney General, Helena, Montana

            Nicholas Murnion, Valley County Attorney, Glasgow, Montana

                    Submitted on Briefs:  April 11, 2012

                                Decided:  May 15, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant mother appeals the District Court's order terminating her parental rights to M.W.G. and C.R.G. We affirm.

¶3 The District Court adjudicated M.W.G. and C.R.G. as youths in need of care based upon physical neglect. Mother's parental rights to a sibling of M.W.G. and C.R.G. had been terminated involuntarily in the state of California in 1997. The District Court deemed the circumstances leading to that California termination relevant to mother's care for M.W.G. and C.R.G. The circumstances in the California proceedings included substance abuse and domestic violence.

¶4 The Department first became involved in 2007 after receiving reports of abuse and neglect. The Department began efforts to keep the children living in the family home. These efforts included chemical dependency treatment, voluntary safety plan, return of M.W.G. and C.R.G. to the home, periodic review, consistent visitation, and other accommodations. Mother stumbled many times, including a felony assault on a minor conviction in Roosevelt County in 2009 involving one of her children.

¶5 The Department filed a petition for permanent legal custody and termination of mother's parental rights on July 7, 2011. The Department did not submit a treatment plan

2

until September 2011. The Department intended to implement the treatment plan only in the event that the District Court decided to extend temporary legal custody rather than terminate mother's parental rights.

¶6     M.W.G., who was 14 years old, and C.R.G., who was 13 years old, testified in open court in support of the termination of mother's parental rights. The Department presented testimony from numerous social workers. The court terminated mother's parental rights based upon clear and convincing evidence that the best interests of C.R.G. and M.W.G. would be served by terminating mother's parental rights. Mother appeals.

¶7     Mother argues on appeal that the District Court improperly determined that she had exposed C.R.G. and M.W.G. to aggravated circumstances of chronic severe neglect to such a degree that it obviated the Department's obligation to develop a treatment plan. She further argues that the District Court improperly considered evidence of her prior termination with another child in California.

¶8     We review for an abuse of discretion a district court's decision to terminate parental rights. *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. We will not disturb a district court's decision on appeal under these circumstances unless "there is a mistake of law or a finding of fact not supported by substantial evidence that will amount to clear abuse of discretion." *In re M.N.*, 2011 MT 245, ¶ 14, 362 Mont. 186, 261 P.3d 1047. The question of whether a parent has subjected a child to circumstances that relieved the Department of its duty to make reasonable efforts of reunification with family presents a question of fact that

3

this Court reviews for clear error. *In re L.M.A.T.*, 2002 MT 163, ¶¶ 33-35, 310 Mont. 422, 51 P.3d 504.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law to these facts.

¶10 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BETH BAKER